## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## DETROIT DIVISION

| | |
|---|---|
| PAULA TILLMAN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:21-cv-10658 |
| UNIVERSAL FIDELITY, LP and CKS PRIME INVESTMENTS, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## **COMPLAINT**

NOW comes PAULA TILLMAN ("Plaintiff"), by and through the undersigned attorneys, complaining as to the conduct of UNIVERSAL FIDELITY, LP ("UF") and CKS PRIME INVESTMENTS, LLC ("CKS") (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Michigan Occupational Code ("MOC") under M.C.L. §339.901 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2.  This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

**PARTIES**

4.  Plaintiff is a natural person over 18 years-of-age residing in Oakland County, Michigan, which is located within the Eastern District of Michigan.

5.  UF Advertises itself as a "leading provider of nationwide professional collection agency services for all types of creditors."[1] UF is a limited partnership organized under the laws of the State of Texas, with its principal place of business located at 1904 W. Grand Parkway N, Suite 220, Katy, Texas 77449.  UF regularly collects upon consumers located in the State of Michigan.

6.  CKS promotes itself as "a full-service accounts receivables management firm, CKS Financial manages portfolios above and beyond industry standards. We purchase consumer debt portfolios an offer contingency services to merchants,

---

[1] https://uflp.com/

service providers, government entities and other organizations that extend credit to their customers or members. CKS Financial prides itself on preserving our clients' customer relationships through acts of courtesy and professionalism."[2] CKS is a limited liability company organized under the laws of the State of Virginia with its principal place of business located at 505 Independence Parkway, Suite 300, Chesapeake, VA 23320. CKS regularly collects upon consumers located in the State of Michigan.

7.   CKS is UF's principal. Consequently, CKS is liable for UF's actions as it exercises control over UF's conduct. See *Clark v. Capital Credit & Collection Servs., Inc*., 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

8.   Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9.   Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

**FACTS SUPPORTING CAUSES OF ACTION**

---

[2] https://www.cksfin.com/about-cks

10. The instant action stems from Defendants' attempts to collect upon a personal credit card debt ("subject debt") that Plaintiff  purportedly owed to Bank of Missouri ("BOM").

11. Upon information and belief, after Plaintiff's alleged default, CKS purchased the subject debt and placed it with UF for collection.

12. Thereafter, UF began its collection campaign on behalf of its client, CKS.

13. In 2020, Plaintiff began receiving calls to her cellular phone, (248) XXX-6334, from UF.

14. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -6334.  Plaintiff is and always has been financially responsible for the cellular phone and its services.

15. UF has used several phone numbers when placing collection calls to Plaintiff's cellular phone, including but not limited to: (800) 260-3472 and (866) 738-8053.

16. Upon information and belief, the above-referenced phone numbers are regularly utilized by UF during its debt collection activity.

17. Upon answering calls from UF, Plaintiff has experienced a significant pause, lasting several seconds in length, before a live representative begins to speak.

18. Upon speaking with UF, Plaintiff is informed that it is acting as a debt collector attempting to collect upon the subject debt.

19. Plaintiff and UF reached an arrangement around December 2020 for Plaintiff to pay the subject debt in monthly payments.

20. UF continued making collection calls to Plaintiff's cellular phone despite the fact that Plaintiff began making monthly payments.

21. Thereafter, UF reneged on Defendants' arrangement with Plaintiff and demanded that Plaintiff pay the subject debt in a shorter timeframe than the one originally agreed.

22. Due to UF's unprofessional conduct, Plaintiff demanded that UF cease calling her.

23. Despite Plaintiff's demands and the information provided to UF, Plaintiff has still received systematic phone calls from UF.

24. UF even represented to Plaintiff that it could continue to call her cellular phone number despite her demands.

25. Despite UF lacking permission to call Plaintiff's cellular phone, UF still placed not less than 30 phone calls to Plaintiff's cellular phone.

26. Frustrated over Defendants' conduct, Plaintiff spoke with her attorneys, resulting in expenses.

27. Plaintiff has been unfairly and unnecessarily harassed by Defendants' actions.

28. Plaintiff has suffered concrete harm as a result of Defendants' actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for an unknown individual, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
(AGAINST DEFENDANTS)

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though full set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

31. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

32. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of their business.

33. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

### a.  Violations of FDCPA §1692c(a)(1) and §1692d

34. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

35. Defendants violated §1692c(a)(1), d, and d(5) when UF continuously called Plaintiff after being notified to stop. UF called Plaintiff at least 30 times after she demanded that it stop.  This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive.  The frequency and nature of calls shows that Defendants willfully ignored Plaintiff's pleas with the goal of annoying and harassing her.

36. Defendants were notified by Plaintiff that UF's calls were not welcomed.  As such, Defendants knew that their conduct was inconvenient and harassing to Plaintiff.

### b.  Violations of FDCPA § 1692e

37. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

38. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

39. Defendants violated §1692e and e(10) when they used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiff demanded that UF stop contacting her, Defendant continued to contact her via automated calls. Instead of putting an end to this harassing behavior, UF systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through their conduct, Defendants misleadingly represented to Plaintiff that they had the legal ability to contact her via an automated system when they no longer had consent to do so.

40. Defendants also violated §1692e and e(10) when UF reneged on the payment plan agreed upon by the parties. Defendants' actions misleadingly represented that they could unilaterally change the terms of a payment plan even after Plaintiff began to make payments in compliance with the payment plan.

### c.  Violations of FDCPA § 1692f

41. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

42. Defendants violated §1692f when they unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 30 times after being

notified to stop. Attempting to coerce Plaintiff into payment by placing systematic phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendants only served to worry and confuse Plaintiff.

43. As pled in paragraphs 26 through 28, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, PAULA TILLMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE MICHIGAN OCCUPATIONAL CODE
### (AGAINST DEFENDANTS)

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 339.901(f).

46. Defendants are "collection agenc[ies]" as defined by M.C.L. § 339.901(b) as they are persons that directly engage in collecting or attempting to collect a claim owed or due or asserted to be owed or due another.

47. The subject debt is a "[c]laim" or "debt" as defined by M.C.L. § 339.901(a) as it is an obligation or alleged obligation for the payment of money or thing of value arising out of an agreement or contract for a purchase made primarily for personal, family, or household purposes.

### a. Violations of M.C.L. § 339.915(f)(ii)

48. The MOC, pursuant to M.C.L. § 339.915(f)(ii) prohibits a collection agency from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

49. Defendants violated M.C.L. § 339.915(f)(ii) by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through their conduct, Defendants misrepresented that they had the legal ability to contact Plaintiff using an automated system even though Plaintiff had never consented to receiving such calls. Any hypothetical lawful ability of Defendants to place the calls at issue was explicitly extinguished after Plaintiff demanded that UF cease calling her cellular phone. As such, Defendants misrepresented their legal rights in placing the phone calls, as well as Plaintiff's legal rights to have such phone calls cease, by attempting to contact Plaintiff's cellular phone absent the lawful ability to do so.

### b. Violations of M.C.L. § 339.915(n)

50. The MOC, pursuant to M.C.L. § 339.915(n), prohibits a collection agency from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

51. Defendants violated the MOC when UF repeatedly called Plaintiff after being notified to stop. UF called Plaintiff at least 30 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in defiance of the information provided by Plaintiff was harassing and abusive. Such contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment. The nature and volume of phone calls, especially after Plaintiff demanded that the calls stop, would naturally cause an individual to feel oppressed.

52. Further, Plaintiff told UF that its calls to her cellular phone were not welcome and were therefore inconvenient. As such, Defendants contacted Plaintiff at times and places which were known to be inconvenient to her.

53. Defendants' violations of the MOC were willful. UF was notified by Plaintiff that she did not wish to receive any more phone calls. Yet, Plaintiff was still bombarded with collection phone calls from UF. In a willful manner, UF called

Plaintiff repeatedly notwithstanding her demands. Upon information and belief, Defendants regularly engage in the above described behavior against consumers in Michigan, further demonstrating their willful failure to implement adequate procedures designed to prevent violations of the MOC.

WHEREFORE, Plaintiff, PAULA TILLMAN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 339.916(1);

c. Awarding Plaintiff actual damages, including treble damages, pursuant to M.C.L. § 339.916(2);

d. Awarding statutory damages of at least $50.00, including treble damages, pursuant to M.C.L. § 339.916(2);

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 339.916(2);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 25, 2021

Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
*Counsel for Plaintiff*
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan

Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

<u>s/ Nathan C. Volheim</u>
Nathan C. Volheim, Esq. #6302103
*Counsel for Plaintiff*
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com